# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-60346
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellant*,

*versus*

Pedro Muñoz Benito,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:24-CR-26-1

———————————————————————

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellee Pedro Muñoz Benito was charged with possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5). The district court granted Muñoz Benito's motion to dismiss the indictment, in which he contended that § 922(g)(5) was unconstitutional

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

under the Second Amendment as applied to him. The government has appealed that dismissal.

The government asserts that the district court erred in deciding that § 922(g)(5) was unconstitutional as applied to Muñoz Benito. According to the government, the determination was inconsistent with our precedent that § 922(g)(5) is constitutional because the Second Amendment's protections do not extend to people, like Muñoz Benito, who are unlawfully in the United States. We review constitutional questions *de novo*. *United States v. Perez-Macias*, 335 F.3d 421, 425 (5th Cir. 2003).

The government is correct that the dismissal of the indictment was error. We recently upheld the constitutionality of § 922(g)(5) and explained that our precedent establishes that the Second Amendment's plain text does not cover the conduct of people in the United States unlawfully. *United States v. Medina-Cantu*, 113 F.4th 537, 541–42 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1318 (2025) (mem.); *see United States v. Portillo-Munoz*, 643 F.3d 437, 442 (5th Cir. 2011). We detailed that this binding precedent was not abrogated by either *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), or *United States v. Rahimi*, 602 U.S. 680 (2024). *See Medina-Cantu*, 113 F.4th at 539–40, 542.

We must follow our caselaw absent a contrary decision by the Supreme Court or this court en banc. *See United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013). Based on that caselaw, because Muñoz Benito is present in the United States unlawfully, we must hold that he is excluded from "the people" to whom the Second Amendment's protections extend and therefore has no basis for an as-applied challenge to § 922(g)(5). *See Medina-Cantu*, 113 F.4th at 539–40, 542; *Portillo-Munoz*, 643 F.3d at 442.

Accordingly, we REVERSE the dismissal order of the district court and REMAND for further proceedings.